

**SIGNED this 28 day of August, 2007.**

_____
R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:    Case No. 06-10851
          Chapter 7

KELLY ANDERSON HERD,

    Debtor.

J. THOMAS HERD,
TERESA HERD, and
JERROLD D. FARINASH, Trustee,

    Plaintiffs,

v.    Adv. Pro. No. 06-1128

KELLY ANDERSON HERD,

    Defendant.

Appearances:    Harry R. Cash, Grant, Konvalinka and Harrison, Chattanooga, Tennessee, for the Plaintiffs
Kyle R. Weems, Weems & Ronan, Chattanooga, Tennessee, for the Defendant

The Honorable R. Thomas Stinnett
United States Bankruptcy Judge

## MEMORANDUM

Pending before the court is a motion filed by the defendant, Kelly Anderson Herd (hereinafter "debtor") to dismiss this adversary proceeding for lack of subject matter jurisdiction, and the response thereto by the plaintiffs, J. Thomas Herd, Teresa Herd, and Jerrold D. Farinash, trustee for the defendant's chapter 7 bankruptcy case. There appear to be substantial issues surrounding the advertisement and sale of rights transferred to J. Thomas Herd and Teresa Herd, but this court is not the forum within which to address them. Accordingly, for the reasons set forth herein, the defendant's motion will be granted.

## Facts

The defendant filed his chapter 7 petition in bankruptcy on March 28, 2006. Thereafter, Jerrold D. Farinash was appointed the chapter 7 trustee. On July 12, 2006, the trustee filed with the court a Motion to Sell Free and Clear of Liens certain assets of the defendant, including inventory, furniture, fixtures, equipment, copyrights, contracts and all other tangible and intangible business property to the plaintiffs, J. Thomas Herd and Teresa Herd (hereinafter "Mr. and Mrs. Herd"), for $225,000.00. The defendant and a creditor filed objections to the trustee's proposed sale, and a hearing was conducted on August 10, 2006, wherein the parties announced that they would submit an agreed order resolving the objections to the sale. At the auction of the property of the estate, Mr. and Mrs. Herd submitted the highest and best bid of $235,000.00. The court's order of August 21, 2006, memorialized the results of the sale, and contained the following language with respect to the objection raised by the defendant to the sale of the property:

> . . . Based upon the objection of the Debtor, the parties agree that the purchasers will not use the name "Kelly" in any of their business names, and the Debtor agrees that he is prohibited from using the name "Kelly Herd Collection" or "Gold Creations by Kelly Herd" or any other business name he

used prior to the date of the filing of his bankruptcy petition on March 28, 2006.

The order required the transfer by the trustee of the property described therein to Mr. and Mrs. Herd, as well as the payment of the lien holder's secured claim from the proceeds of the sale. The order was approved for entry by the trustee, counsel for the defendant, counsel for Mr. and Mrs. Herd and the trustee, counsel for the lien holder, and counsel for the objecting creditor.

On September 28, 2006, Mr. and Mrs. Herd and the trustee initiated this adversary proceeding against the defendant. Mr. and Mrs. Herd seek a temporary restraining order, as well as a permanent injunction, restraining and enjoining the defendant from selling any jewelry in violation of the copyrights purchased by Mr. and Mrs. Herd from the trustee, and from conducting business in any name which existed prior to the filing of the bankruptcy petition on March 28, 2006, and from interfering with Mr. and Mrs. Herd's ownership of assets purchased from the estate. The complaint also seeks judgment for damages. The trustee joined the complaint "to protect the purchasers of the Debtor's assets and to seek enforcement of the Court's Order approving the sale." Plaintiffs' Complaint, docket entry no. 1. In support of their complaint, Mr. and Mrs. Herd allege that the defendant reactivated a website which existed pre-petition and which directed visitors to his current website. Although this site has been shut down, Mr. and Mrs. Herd express the concern that other pre-petition websites might be reactivated at some future date. Also, Mr. and Mrs. Herd allege that the defendant has renewed a business license in Bradley County, Tennessee, utilizing one of his pre-petition business names, and that he attended a jewelry sale in Denver, Colorado, in September 2006, and occupied a business booth purchased pre-petition, all of which violate the court's order of August 21, 2006, approving

the sale of the estate's assets. Mr. and Mrs. Herd also allege that the defendant continues to sell jewelry in violation of copyrights that they purchased from the trustee, resulting in unspecified damages to them, and that he did not surrender his entire business inventory to the trustee.

On July 17, 2007, the defendant filed a motion to dismiss the adversary proceeding for lack of subject matter jurisdiction. Specifically, the defendant states that the plaintiffs' complaint involves property which is no longer property of the estate; and that disposition of this adversary proceeding will affect neither the bankruptcy estate nor the allocation of estate assets among the creditors. In opposing the defendant's motion, Mr. and Mrs. Herd argue that their cause of action against the defendant for his infringement of their property rights has its genesis in the defendant's bankruptcy case and the August 21, 2006, order approving the sale of the estate property to them. Therefore, they argue that this matter constitutes a core proceeding or, if non-core, is a matter sufficiently related to the defendant's bankruptcy and the bankruptcy court has subject matter jurisdiction. The trustee argues that the defendant's alleged failure to turn over certain items of inventory from his pre-petition estate also involves a core proceeding over which the court has jurisdiction.

While the plaintiffs' motion was pending, Mr. and Mrs. Herd filed a motion for a temporary restraining order, and a limited hearing was conducted on the merits of issuance of the restraining order. In addition to the issues raised in the motion for temporary restraining order, the hearing also addressed certain issues raised by Mr. and Mrs. Herd in their complaint which better defined the issues presented therein.

## Analysis

In considering a motion to dismiss, a court must accept as true all well-pleaded factual allegations as well as all reasonable inferences therefrom. *Official Committee of Unsecured Creditors v. Asea Brown Boveri, Inc. (In re Grand Eagle Co., Inc.)*, 288 B.R. 484, 487 (Bankr. N.D. Ohio 2003); *Reed v. Philadelphia Housing Authority (In re Reed)*, 94 B.R. 48, 50 (U.S.D.C. E.D. Pa. 1988). The plaintiffs have the burden of establishing the bankruptcy court's jurisdiction over the issues. *Levovitz v. Verrazano Holding Corp (In re Verrazano Holding Corp.)*, 86 B.R. 755, 762 (Bankr. E.D.N.Y.1988).

Bankruptcy jurisdiction and procedure is governed by 28 U.S.C. § § 157 and 1334.

28 U.S.C. § 1334 states:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 157 provides:

Procedures.

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
>
> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this

title.

28 U.S.C. § 157(a) permits the district court to refer any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 to the bankruptcy court.[1] 28 U.S.C. § 157(b) establishes that bankruptcy judges may hear and determine all cases under Title 11, and all core proceedings arising under title 11, or arising in a case under title 11. Core proceedings are set forth in a nonexclusive list in § 157(b)(2), for which the bankruptcy court is empowered to enter final orders and judgments. Absent the parties' consent, non-core proceedings require that the bankruptcy judge submit proposed findings of fact and conclusions of law to the district court, and the district court judge enters the final order or judgment. 28 U.S.C. § 157(c)(1).

The bankruptcy judge is required by 28 U.S.C. § 157(b)(3) to make a determination concerning whether a proceeding is core or non-core. *Haden v. Edwards (In re Edwards)*, 100 B.R. 973, 978 (Bankr. E.D. Tenn. 1989)(citing *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 95 B.R. 782, 786 (Bankr. D.Colo.1989); *Carr v. Michigan Real Estate Insurance Trust (In re Michigan Real Estate Insurance Trust)*, 87 B.R. 447, 452 (E.D.Mich.1988). "The court looks at both the form and the substance of the proceeding in making its determination." *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 483 (6th Cir. 1992)(citing *In re Wolverine Radio Co.*, 930 F.2d 1132, 1144 (6th Cir. 1991) and *In re Wood*, 825 F.2d 90 (5th Cir. 1987)).

Core proceedings "arising under title 11 "describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *Wood*

---

[1] Accordingly, the Local General Order of December 23, 1982, entered by the United States District Court for the Eastern District of Tennessee, referred to the bankruptcy judges of the district "[a]ll cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11."

*v. Wood (In the Matter of Wood)*, 825 F.2d 90, 96 (5th Cir. 1987). As explained by the Fifth Circuit in the *Wood* case, proceedings "arising in" a case under title 11 appear to refer to administrative matters that arise only in bankruptcy cases. Such proceedings ". . . are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Wood,* 825 F.2d at 97. If the proceeding neither "arises in" a case nor "arises under" title 11, it is non-core and may be entertained by the bankruptcy court only if it "is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). A non-core proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 482 (6th Cir. 1992)(quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1989). In *Haden v. Edwards (In re Edwards)*, 100 B.R. 973, 982 (Bankr. E.D.Tenn. 1989), the bankruptcy court determined that it had jurisdiction over a non-core "related" proceeding between the plaintiff and the defendants, including the debtor and a bank, not only because of the joint conduct or intertwined behavior of the debtor and the bank, but also because of the impact that a judgment for the plaintiff could have on the bankruptcy estate. *Edwards*, 100 B.R. at 982. The plaintiff initiated the adversary proceeding against the debtor and the bank for allegedly concealing an improper release of collateral in contravention of the plaintiff's rights, resulting in enrichment of the defendants to her detriment. *Edwards,* 100 B.R. at 975. The bank sought to have the adversary proceeding dismissed for lack of jurisdiction. The bank's motion was denied and the bankruptcy court retained jurisdiction noting that the behavior of the debtor and the bank was so intertwined that the bankruptcy court could find that it had jurisdiction. However, the intertwined behavior of the debtor and the bank did

not constitute the sole basis for retaining jurisdiction. The court also noted that the outcome of the adversary proceeding would affect distribution of assets in the debtor's case; therefore, jurisdiction was proper. *Edwards*, 100 B.R. at 980-982.

The bankruptcy court in the Eastern District of Michigan also considered the effect of the outcome of a pending adversary proceeding upon the debtor's bankruptcy case in *First Indiana Bank v. Wilson (In re Wilson)*, 271 B.R. 511, 514 (Bankr. E.D. Mich. 2001). In *Wilson*, the court addressed jurisdiction over the plaintiff's claims against the non-debtor defendants pursuant to § 157(c)(1) as a non-core, related matter. The *Wilson* plaintiff, a bank, initiated the adversary proceeding against the debtor and non-debtor defendants for non-dischargeability of a debt. The bank alleged that the non-debtor defendants acted as the debtor's agents in obtaining a loan through fraudulent misrepresentation. The bank settled its complaint against the debtor, and contended that the court retained jurisdiction over the claims against the non-debtor defendants by virtue of the joint conduct between the debtor and the co-defendants. *Wilson*, 271 B.R. at 513  Furthermore, the bank asserted that the outcome of the proceeding would determine its claim against the debtor and the extent of the debtor's liability to the co-defendants. *Id.* However, as observed by the court in finding a lack of jurisdiction, "any claim by [the bank] against the estate or by the non-debtor defendants for contribution would not have any effect on the administration of the bankruptcy estate" since the debtor's case was a no-asset case. *Wilson*, 271 B.R. at 514.

In this adversary proceeding, Mr. and Mrs. Herd, as the successful purchasers from the trustee of estate property, are requesting monetary and injunctive relief for the defendant's actions in attempting to exercise control, in derogation of a

bankruptcy court order, over some of the estate assets that they purchased. However, in reviewing both the form and the substance of this proceeding, the court notes that resolution of the dispute will have no effect upon the administration of the defendant's bankruptcy estate: no assets will be brought back into the estate for distribution, and no other creditors' claims or liens are at issue with respect to the property in question. Whether or not the defendant has engaged in the activities complained of by the plaintiffs, retention of jurisdiction of this proceeding by the bankruptcy court and a decision either in favor of the defendant or in favor of the plaintiffs will result in neither a benefit nor a detriment to the estate. See *In re Michigan Real Estate Insurance Trust*, 87 B.R. 447, 458 (Bankr. E.D. Mich.1988); *Haden v. Edwards (In re Edwards)*, 100 B.R. 973, 980-81 (Bankr. E.D. Tenn. 1989). The defendant's alleged interference with the plaintiffs' ownership interest in the property purchased from the bankruptcy trustee constitutes a cause of action that can be heard in state court, and is not a core proceeding in bankruptcy nor is it sufficiently related to the administration of the bankruptcy case to require the bankruptcy court's exercise of jurisdiction over the issues.

Furthermore, the plaintiffs' complaint urges the court to reassert jurisdiction over property which was transferred by the trustee in a court-approved sale free and clear of liens, the order approving same having been final for purposes of appeal over one year ago. "A bankruptcy court only has jurisdiction over property owned by or in the actual or constructive possession of the debtor." *Weng v. Farb (In re K & L Ltd)*, 741 F.2d 1023 (7th Cir. 1984). When property is no longer part of a bankruptcy estate and when the determination of rights thereto would not affect any dispute by creditors over property that was part of the estate, the bankruptcy court lacks jurisdiction to determine the rights to the

property. *Matter of Edwards*, 962 F.2d 641, 643 (7th Cir. 1992).

The trustee also alleges that the defendant retained and has failed to turn over certain pre-petition inventory. However, at the hearing on the motion for a temporary restraining order, the parties acknowledged that this allegation is no longer an issue.

Mr. and Mrs. Herd also allege that they purchased a pre-petition website owned by the defendant. The defendant denies that allegation, relying upon the language of the court's August 10, 2006, order, which was approved by all of the parties and framed in response to the objections, including the defendant's, to the trustee's proposed sale. Again, at the hearing on the temporary restraining order, the parties acknowledged that this allegation is no longer an issue, the defendant having adopted corrective measures in response to Mr. and Mrs. Herd's concerns.

Finally, Mr. and Mrs. Herd's complaint alleges that the defendant continues to sell jewelry in violation of copyrights owned by them, that he should be enjoined from doing so, and that his continued sale of jewelry in violation of their copyright has resulted in damages to them. In his answer, the defendant states that to the best of his knowledge, he has not violated any copyrights purchased by Mr. and Mrs. Herd, nor does he dispute their ownership of the copyrights they purchased from the trustee. Rather, the defendant asserts that the rights purchased by Mr. and Mrs. Herd were non-exclusive and that he was able to obtain them from other sources. Since this dispute does not concern ownership interest in the property sold by the trustee, but rather whether or not the defendant has violated any copyrights admittedly purchased from the trustee, then the court retains no subject matter jurisdiction.

For the foregoing reasons, the court will enter a separate order granting the

motion by the defendant to dismiss the adversary proceeding.

###